# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK M. DIAZ,<br><br>    Petitioner,<br><br>    v.<br><br>DEBBIE ASUNCION,[1]<br><br>    Respondent. | Case No. 1:16-cv-00345-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 17) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

In 2011, Petitioner was convicted in the Kings County Superior Court of thirteen felonies and five misdemeanors related to the physical and sexual assault of his wife. Petitioner was sentenced to an aggregate imprisonment term of eighty-four years and eight months. (LDs[2] 1, 2). On July 22, 2013, the California Court of Appeal, Fifth Appellate District affirmed the judgment and directed the superior court to prepare an amended abstract of judgment to correct a clerical

---

[1] Debbie Asuncion is the current Acting Warden of the California State Prison, Los Angeles County, and has been automatically substituted as Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] "LD" refers to the documents lodged by Respondent on July 22, 2016. (ECF No. 18).

1  error. (LD 2 at 22). On October 16, 2013, the California Supreme Court denied Petitioner's
2  petition for review. (LDs 3, 4).

3  On February 24, 2014,[3] Petitioner filed a state habeas petition in the Kings County
4  Superior Court, which denied the petition on May 9, 2014. (LDs 5, 6). On July 14, 2014,[4]
5  Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District,
6  which denied the petition on October 9, 2014. (LDs 7, 8). On March 18, 2015,[5] Petitioner filed a
7  state habeas petition in the California Supreme Court, which denied the petition on August 19,
8  2015. (LDs 9, 10).

9  On February 4, 2016, Petitioner filed the instant petition for writ of habeas corpus in the
10 United States District Court for the Northern District of California. (ECF No. 1). On March 10,
11 2016, the matter was transferred to this Court. (ECF No. 3). On July 20, 2016, Respondent filed
12 a motion to dismiss, arguing that the petition was filed outside the one-year limitation period.
13 (ECF No. 17). Petitioner has not filed any opposition to the motion to dismiss.

## II.

## DISCUSSION

**A. Statute of Limitation**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

///

---

[3] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). Respondent applied the mailbox rule in the motion to dismiss. (ECF No. 17 at 2 n.2).

[4] The habeas petition filed in the California Court of Appeal was dated July 14, 2014, and contained two proofs of service—one dated July 14, 2014, and the other dated July 31, 2014. The petition has a filed stamp date of August 7, 2014. (LD 7). The Court will deem the petition filed on July 14, 2014, the date most favorable to Petitioner.

[5] The habeas petition filed in the California Supreme Court was dated April 21, 2015, but contained a proof of service dated March 18, 2015. The petition has a received stamp date of March 30, 2015, but a filed stamp date of April 27, 2015. (LD 9). The Court will deem the petition filed on March 18, 2015, the date most favorable to Petitioner.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, Petitioner's conviction became final on January 14, 2014, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, January 15, 2014, and absent tolling, was set to expire on January 14, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B.  Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). A habeas petition that is

untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, --- F.3d ----, 2016 WL 3974172, at *3 (9th Cir. July 25, 2016) (en banc) (citing Campbell v. Henry, 614 F.3d 1056, 1061 (9th Cir. 2010)). "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Evans v. Chavis, 546 U.S. 189, 197–98 (2006)).

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). Because "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson, 795 F.3d at 929 (quoting Chavis, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (1998)).

1. First State Habeas Petition

On February 24, 2014, Petitioner filed a state petition for writ of habeas corpus in the Kings County Superior Court, which denied the petition on May 9, 2014. (LDs 5, 6). There is nothing in the record that suggests this state habeas petition was not properly filed, and Respondent makes no such argument. Thus, Petitioner is entitled to statutory tolling for the period this state habeas petition was pending in the Kings County Superior Court.

2. Second State Habeas Petition

On July 14, 2014, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth Appellate District. (LD 7). The petition was summarily denied without comment on October 9, 2014. (LD 8). Respondent argues that because this petition was untimely and thus, "not properly filed," there is no statutory tolling of the time before or during the California Court of Appeal's consideration of the petition. (ECF No. 17 at 5–7).

Petitioner filed his petition in the California Court of Appeal sixty-six days after the Kings County Superior Court denied habeas relief. The Ninth Circuit has held that delays of 115, 101, and 81 days make a California state habeas petition untimely unless the petitioner can show good cause. Robinson, 795 F.3d at 930 (citing Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)). However, the Ninth Circuit has not adopted a bright-line rule that unexplained delays exceeding sixty days is *per se* unreasonable, and currently is awaiting an answer from the California Supreme Court regarding whether sixty-six days is a substantial delay rendering a state petition untimely. Robinson, 795 F.3d at 931, 935.

Mindful that "no Ninth Circuit case addresses a delay of this length and district courts are split," the Court finds that sixty-six days is not substantially longer than the thirty-to-sixty-day "benchmark" of the reasonable time standard. Robinson, 795 F.3d at 933, 931. Therefore, the petition was timely filed, and Petitioner is entitled to statutory tolling for the period this petition was pending in the California Court of Appeal and the interval between the superior court's adverse decision and when the petition was filed in the California Court of Appeal. See Chavis, 546 U.S. at 193.

3. Third State Habeas Petition

On March 18, 2015, Petitioner filed a state habeas petition in the California Supreme Court, which summarily denied the petition without comment on August 19, 2015. (LDs 9, 10). Respondent argues that because this petition was untimely and thus, "not properly filed," there was no statutory tolling of the time before or during the California Supreme court's consideration of the petition. (ECF No. 17 at 7–8).

Petitioner filed his petition in the California Supreme Court 160 days after the California Court of Appeal denied habeas relief. This is substantially longer than the thirty-to-sixty-day benchmark of the reasonable time standard, and therefore, the petition was timely only if Petitioner can demonstrate good cause for the delay. See Robinson, 795 F.3d at 929; Velasquez, 639 F.3d at 968; Chaffer, 592 F.3d at 1048. Here, Petitioner has failed to provide an explanation for the delay. Accordingly, the Court finds that Petitioner is not entitled to statutory tolling for

the period this petition was pending and the interval between the California Court of Appeal's adverse decision and when this petition was filed in the California Supreme Court.

  4. Conclusion

  The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. Forty days[6] elapsed between the date Petitioner's state conviction became final (January 14, 2014) and the date Petitioner filed his first state habeas petition in the Kings County Superior Court (February 24, 2014). The AEDPA's one-year clock stopped while Petitioner's state habeas petitions in the Kings County Superior Court and the California Court of Appeal were pending (May 9, 2014–October 9, 2014). As discussed above, the untimely petition filed in the California Supreme Court was not "properly filed," and thus, the 303-day period before and during the court's consideration of said petition (October 9, 2014– August 9, 2015) is not tolled. Thereafter, 177 days elapsed between the California Supreme Court's denial of Petitioner's state petition (August 9, 2015) and the date Petitioner filed the instant federal habeas petition in the United States District Court for the Northern District of California (February 4, 2016). This adds up to a total of 520 days, which is more than the one-year limitation period. Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

**C. Equitable Tolling**

  The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. However, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way. Therefore, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

---

[6] The Court notes that Respondent mistakenly calculates that nine days expired between the date Petitioner's conviction became final and the date Petitioner filed his first state habeas petition in the superior court.

## III.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF NO. 17) be GRANTED; and
2. The petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 5, 2016**

UNITED STATES MAGISTRATE JUDGE